

# The Attorney General of Texas

July 25, 1979

**MARK WHITE**
*Attorney General*

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bill Stewart, P.E.
Executive Director
Texas Air Control Board
8520 Shoal Creek Boulevard
Austin, Texas 78758

Opinion No. MW-32

Re: Whether a proposed procedure of the Air Control Board violates the Open Meetings Act.

Dear Mr. Stewart:

You inform us that the Texas Air Control Board may adopt a new procedure for requesting the Attorney General to institute civil suits on its behalf. You wish to know whether the proposed procedure would violate the Open Meetings Act, V.T.C.S. art. 6252-17.

Article 4477-5, V.T.C.S., provides in part:

> At the request of the board, or the executive secretary [executive director] when authorized by the board, the attorney general shall institute and conduct a suit in the name of the State of Texas for injunctive relief or to recover the civil penalty, or for both injunctive relief and penalty. . . .

Sec. 4.02(b). The proposed procedure would require the executive director, except in emergencies, to notify all board members of his intention to request the Attorney General to bring a civil suit for violations of the Clean Air Act or board regulations or orders. Within ten days of notification, any board member may request in writing that the matter be placed on the agenda of the next board meeting. If three or more members of the board so request, the matter will be placed on the agenda. Otherwise, the executive director would forward his request to the Attorney General without further board action. See Kettlewell v. Hot Mix, Inc., 566 S.W.2d 663, 668 (Tex. Civ. App. — Houston [1st Dist.] 1978, no writ) (Air Control Board may delegate duties to the executive director and other employees).

Your questions concern the application of the Open Meetings Act to this procedure. The Texas Open Meetings Act applies to deliberation among a quorum of members of a governmental body. Secs. 1(a), 2(a). We do not believe an individual member of a board violates the Open Meetings Act when he communicates in writing to the executive director indicating that

p. 97

he wishes to have an item placed on the agenda and sends a copy to other members of the board. Of course, the document requesting that an item be placed on the agenda would ordinarily be available under the Open Records Act. V.T.C.S. art. 6252-17a. See also Texas Open Meetings Act, V.T.C.S. art. 6252-17, S 4(b).

### SUMMARY

A procedure of the Air Control Board permitting individual members to write to the executive director indicating their desire to place an item on the agenda of a future meeting would not violate the Open Meetings Act.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood